# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| DEVELOPMENTAL TECHNOLOGIES, LLC <br> A Florida Limited Liability Company <br><br> Plaintiff, <br><br> v. <br><br> VALMONT INDUSTRIES, INC. <br> A Delaware Corporation <br><br> and <br><br> E.I. DU PONT DE NEMOURS AND COMPANY <br> A Delaware Corporation <br><br> Defendants. | Case No.: 8:14-cv-02796-MSS-EAJ |

## MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF

GRAYROBINSON ("GrayRobinson") files this its Motion to Withdraw as counsel of record for Plaintiff, DEVELOPMENTAL TECHNOLOGIES, LLC, ("Developmental") on the following grounds:

1. GrayRobinson was retained to represent Developmental in the above-referenced action and initiated the case by filing a Complaint on or about November 10, 2014.

2. On April 7, 2015, this Court entered a Case Management and Scheduling Order (Docket 32) setting the case for the jury trial term beginning July 5, 2016.

3. On April 10, 2015, the Defendants filed their Answers (Dockets 33 and 34).

4. On April 22, 2015, Developmental filed its Notice of Mediation, scheduling mediation before Jay Cohen on November 9, 2015 (Docket 35).

5. On April 23, 2015, GrayRobinson received a letter from Noel P. McDonell of Macfarlane Ferguson & McMullen ("MFM") advising that her firm had been retained to "exclusively" represent Developmental in the above-referenced action. The letter further advised that it serves as notice of "discharge" of representation by GrayRobinson as counsel for Developmental in the above-referenced action "pursuant to and in accordance with Rule 4-1.16(a)(3) of the Rules Regulated by the Florida Bar."

6. At the direction of MFM, GrayRobinson has not performed any legal services in the above-referenced action since its discharge on April 23, 2015.

7. GrayRobinson has requested that MFM file a motion with this Court for leave to be substituted as counsel of record for Developmental and/or that GrayRobinson be permitted to withdraw since it has been discharged and MFM has been retained to exclusively represent Developmental.

8. MFM has not filed a motion for substitution, has not appeared in the action, and has not responded to GrayRobinson's requests that it be allowed to file a Motion to Withdraw.

9. The parties need clarification of who will represent Developmental going forward.

**MEMORANDUM OF LAW**

Rule 4-1.16(a)(3) of the Rules Regulating the Florida Bar mandate GrayRobinson's withdrawal from Developmental's representation in the above-referenced action. The Rule provides as follows:

> [a] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if . . . the lawyer is discharged . . ..

The only exception is contained in subsection (c) of the Rule which provides that the lawyer, when ordered to do so by a tribunal, shall continue representation notwithstanding good

cause for termination of the representation.

This action is in its initial stages. MFM, or other counsel of Developmental's choosing, should be able to comply with all applicable deadlines and adequately represent the interests of Developmental going forward.

The comments to the Rule provide:

> A client has a right to discharge a lawyer at any time, with or without cause, subject to liability for payment for the lawyer's services.

The client has decided to discharge GrayRobinson and retain MFM. This choice is the client's right. GrayRobinson should be permitted to withdraw from the action.

Rule 2.03(b) of the Rules of Court for the Middle District of Florida provides as follows:

> No attorney, having made a general appearance . . . shall thereafter abandon the cases or proceeding in which the appearance was made, or withdraw as counsel for any party therein, except by written leave of court obtained after giving ten days notice to the party or client affected thereby, and to opposing counsel.

MFM's April 23, 2015 letter discharging GrayRobinson serves as notice to/from the client. On April 29, 2015, MFM sent an e-mail to Defendants' counsel stating that it represented Plaintiff in the above-referenced action and "Plaintiff will be moving the Trial Court for leave to substitute [MFM] as lead counsel to prosecute the above-listed action." This should serve as sufficient notice to opposing counsel.

WHEREFORE, the undersigned attorneys move this Court for entry of an Order permitting them to withdraw as counsel for Developmental, finding that the undersigned counsel shall have no further responsibility for representing Developmental in this action and for such other relief to which the undersigned attorneys may show themselves justly entitled.

## CERTIFICATION OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 3.01(g) of the United States District Court for the Middle District of Florida, the undersigned counsel certifies that it has conferred with counsel for Defendants Valmont Industries, Inc. and E.I. Du Pont De Nemours and Company. Defendants' counsel has indicated that they will consent to GrayRobinson's withdrawal on the condition, inter alia, that the Plaintiff's prior agreements and the Orders issued by this Court, including, but not limited to the Case Management and Scheduling Order and the agreement on a mediator and scheduled mediation date remain in place.

Date: May 6, 2015

*/s/ Robert E. Johnson*
Woodrow H. Pollack
Florida Bar No. 026802
Michael J. Colitz III
Florida Bar No. 164348
Robert E. Johnson
Florida Bar No. 342955
GrayRobinson
401 E. Jackson Street
Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (facsimile)
woodrow.pollack@gray-robinson.com
michael.colitz@gray-robinson.com
robert.johnson@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2015 a true and accurate copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing and Noel P. McDonell, Esq., Macfarlane Ferguson & McMullen, P.O. Box 1531, Tampa, FL 33601, email: npm@macfar.com. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Robert E. Johnson*
Robert E. Johnson