UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVELOPMENTAL
TECHNOLOGIES, LLC,

    Plaintiff,

v.                                                  Case No: 8:14-cv-2796-T-35JSS

VALMONT INDUSTRIES, INC. and
E.I. DU PONT DE NEMOURS AND
COMPANY,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Defendant Valmont Industries, Inc.'s Motion for Reconsideration of Order Denying Motion for Mark F. Enenbach to Appear Pro Hac Vice (Dkt. 98) ("Motion for Reconsideration").

## BACKGROUND

On February 3, 2016, Defendant Valmont Industries, Inc. ("Valmont") filed its Motion for Mark F. Enenbach to Appear Pro Hac Vice (the "pro hac vice Motion"). (Dkt. 95.) The Court denied the pro hac vice Motion without prejudice because Valmont did not certify whether it complied with Middle District of Florida Local Rule 3.01(g) prior to filing the pro hac vice Motion. (Dkt. 97.)

Subsequently, Valmont filed the Motion for Reconsideration, in which Valmont's counsel states that he inadvertently failed to include the certification of compliance with Middle District of Florida Local Rule 3.01(g) in the pro hac vice Motion. Valmont states that,

in accordance with Middle District of Florida Local Rule 3.01(g), Valmont's counsel did in fact confer with counsel for Developmental Technologies, LLC and E.I. Du Pont de Nemours and Company prior to filing the pro hac vice Motion, and that neither party opposed the relief requested in the pro hac vice Motion. (Dkt. 98 at 2.) In support, Valmont attaches an e-mail sent to counsel on February 2, 2016 regarding the pro hac vice Motion. (Dkt. 98 Ex. A.)

## APPLICABLE STANDARDS

The decision to grant a motion for reconsideration is committed to the sound discretion of the court. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). The three major grounds justifying reconsideration include: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

## ANALYSIS

In light of the new evidence demonstrating Valmont's compliance with Middle District of Florida Local Rule 3.01(g) prior to filing the pro hac vice Motion, the Motion for Reconsideration is granted, and Mark F. Enenbach is permitted to appear pro hac vice as counsel for Valmont.

In accordance with Middle District of Florida Local Rule 2.02(a), Mr. Enenbach, if he has not done so already, is directed to file the appropriate forms, pay the requisite filing fee, and participate in electronic filing by registering for CM/ECF and obtaining passwords within

fourteen (14) days of this Order.[1]  Counsel is also reminded that an attorney who appears specially in this Court pursuant to Middle District of Florida Local Rule 2.02(a) "shall be deemed to be familiar with, and shall be governed by," the local rules, including Rule 2.04 in particular, the Code of Professional Responsibility, and "other ethical limitations or requirements then governing the professional behavior of members of The Florida Bar." M.D. Fla. Local R. 2.02(c).

Upon consideration, it is **ORDERED**:

1. Defendant Valmont Industries, Inc.'s Motion for Reconsideration of Order Denying Motion for Mark F. Enenbach to Appear Pro Hac Vice (Dkt. 98) is **GRANTED**.

2. Mark F. Enenbach is permitted to appear pro hac vice as counsel for Valmont Industries, Inc.

**DONE** and **ORDERED** in Tampa, Florida on February 11, 2016.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] Counsel may obtain a password from the Court by accessing the Court's website, www.flmd.uscourts.gov, and clicking on CM/ECF. After registering for CM/ECF, counsel must also register an e-mail address.