UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVELOPMENTAL
TECHNOLOGIES, LLC,

    Plaintiff,

v.                                              Case No: 8:14-cv-2796-MSS-JSS

VALMONT INDUSTRIES, INC.
and
E. I. DU PONT DE NEMOURS
AND COMPANY,

    Defendants.
_____/

## **ORDER**

THIS MATTER is before the Court on Plaintiff Developmental Technologies, LLC's Unopposed Motion to Seal DuPont's Motion to Compel (Dkt. 104) and its Exhibits (Dkt. 104-1 – 104-8). (Dkt. 112, 113.)[1]

Plaintiff contends that the Motion to Compel filed by Defendant E.I. du Pont de Nemours & Company ("DuPont") on February 26, 2016 includes information that Plaintiff designated as "Highly Confidential" pursuant to the parties' Stipulated Confidentiality Agreement on February 28, 2016. Specifically, Plaintiff asserts that its response to Interrogatory No. 1, which is reproduced in its entirety in the Motion to Compel, and Exhibits B and E include confidential and trade secret information. Defendants disagree that any content in those documents is properly designated as "Highly Confidential" under

---

[1] The two motions appear to be identical, except that Dkt. 113 attaches an email as Exhibit A.

the parties' Stipulated Confidentiality Agreement, but they do not oppose Plaintiff's request to seal the Motion to Compel and accompanying exhibits.

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal citations omitted). However, "material filed with discovery motions is not subject to the common-law right of access." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001).

The parties' designation of information as confidential pursuant to a stipulated confidentiality agreement does not necessarily require that the information be filed under seal. Nonetheless, given that the Motion to Compel and exhibits include explanations of what Plaintiff contends are confidential trade secrets, the Court finds that the information should not be made public as part of these discovery proceedings.

Accordingly, upon consideration, it is

**ORDERED:**

1. Plaintiff Developmental Technologies, LLC's Unopposed Motion to Seal DuPont's Motion to Compel (Dkt. 104) and its Exhibits (Dkt. 104-1 – 104-8) (Dkt. 112, 113) is **GRANTED**.

2. The Clerk is directed to remove the images of Dkt. 104, including all exhibits, and Dkt. 111 and place those documents under seal.

3. The documents shall remain under seal for a period of one (1) year. *See* M.D. Fla. Local R. 1.09(c).

**DONE** and **ORDERED** in Tampa, Florida on March 15, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record