UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVELOPMENTAL TECHNOLOGIES,
LLC,

    Plaintiff,

v.                                          Case No: 8:14-cv-2796-T-35JSS

VALMONT INDUSTRIES, INC. and E.I.
DU PONT DE NEMOURS AND
COMPANY,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Defendant E. I. Du Pont De Nemours and Company's Motion to Compel Plaintiff to Provide Complete and Adequate Responses to Interrogatories (Dkt. 104).

## BACKGROUND

Plaintiff Developmental Technologies, LLC ("Plaintiff") is a research and development company that developed an irrigation product called Eco-Ag. In 2009, Plaintiff attempted to sell the IP portfolio for Eco-Ag to Defendants E.I. Du Pont De Nemours and Company ("DuPont") and Valmont Industries, Inc. ("Valmont") (collectively, "Defendants"). Defendants visited Plaintiff's worksite and testing facilities to learn about Eco-Ag. Prior to visiting Plaintiff's worksite, Defendants signed non-disclosure and non-use agreements related to Eco-Ag. Defendants ultimately decided not to purchase Eco-Ag.

Subsequently, Plaintiff filed suit alleging that Defendants used confidential information obtained from Plaintiff to develop their own irrigation product. (Dkt. 1, 23.) Plaintiff asserts claims against Defendants for misappropriation of trade secrets pursuant to Florida's Uniform

Trade Secrets Act, §§ 688.001-.009, Fla. Stat. ("UTSA"), misappropriation of ideas, violation of the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201-.213, Fla Stat., unfair competition pursuant to 15 U.S.C. § 1125(a) and federal common law, and breach of contract.

## APPLICABLE STANDARDS

District courts have broad discretion in managing pretrial discovery matters and in deciding whether to grant motions to compel. *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002); *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

Parties may serve interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(2). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." *Id.* However, "[i]nterrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly." Middle District Discovery (2015) at § IV.C.2. "Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive." *Id.* Further, "[i]nterrogatories designed to force an exhaustive or oppressive catalogue of information are generally improper." *Id.* at § IV.C.4.

The responding party must answer an interrogatory "separately and fully in writing under oath," to the extent it is not objectionable. Fed. R. Civ. P. 33(b)(3). Any party may move for an order compelling a discovery response when a party fails to answer an interrogatory. Fed. R. Civ. P. 37(a)(3)(B)(iii). An "evasive or incomplete" answer to an interrogatory is treated as a failure to answer. Fed. R. Civ. P. 37(a)(4).

## ANALYSIS

DuPont moves to compel Plaintiff to serve supplemental answers to DuPont's Second Set of Interrogatories. The Court will address each interrogatory at issue below.

## I. Interrogatory No. 1

In Interrogatory No. 1, DuPont asked Plaintiff to "[i]dentify with specificity each Trade Secret which [Plaintiff] alleges that DuPont has misappropriated, is using, or intended or intends to improperly use . . . [and] identify by Bates number all documents and information reflecting, embodying, constituting, referring to, or containing any such alleged Trade Secret(s)." DuPont defined "misappropriated" and "Trade Secret" as having the meanings set forth in the UTSA.

Plaintiff objected that "DuPont has obstructed and interfered with [Plaintiff's] ability to respond by deliberately and intentionally refusing to return to [Plaintiff] all confidential information and trade secret information and documents which [Plaintiff] provided or made available to DuPont." Plaintiff further objected because "all information [Plaintiff] provided or made available to DuPont was and is confidential information not to be used in any way by DuPont" and to inventory and list all such information would be "overly broad and unduly burdensome." Plaintiff then continued with its single-spaced, six-page answer to Interrogatory No. 1.

DuPont contends that Plaintiff's answer fails to identify the trade secrets with "reasonable specificity." (Dkt. 104 at 17.) DuPont states that Plaintiff "offers only imprecise, all-encompassing categories or types of alleged trade secrets . . . [and] does not identify [Plaintiff's] trade secrets in a manner that would distinguish them from all other information in those categories." (Dkt. 104 at 21.) DuPont moves to compel Plaintiff to "list each alleged trade secret it claims DuPont misappropriated and describe each such alleged trade secret with specificity, and

not simply by the category or type of information within which such trade secret falls." (Dkt. 104 at 25.)

The Court has closely reviewed Plaintiff's answer and, while the answer may not be as artfully drafted as DuPont may prefer, it is not evasive or incomplete. As such, Plaintiff has not failed to answer Interrogatory No. 1. *See* Fed. R. Civ. P. 37(a)(4). DuPont asked Plaintiff to identify each trade secret, as defined in the UTSA. Under the UTSA, "trade secret" means

> information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

§ 688.002(4), Fla. Stat. Plaintiff responded to Interrogatory No. 1 by stating that the trade secret that forms the basis of its misappropriation claim is a combination (or compilation) trade secret. *See Capital Asset Research Corp. v. Finnegan*, 160 F.3d 683, 686 (11th Cir. 1998) ("Even if all of the information is publicly available, a unique compilation of that information, which adds value to the information, also may qualify as a trade secret."); *Sun Crete of Fla., Inc. v. Sundeck Prods., Inc.*, 452 So. 2d 973, 975 (Fla. 4th DCA 1984) (noting that a trade secret "includes a unique combination of otherwise known components, if the combination differs materially from other methods known in the trade"). In the third paragraph of its answer to Interrogatory No. 1, Plaintiff provided a lengthy description of the compilation of information that it contends constitutes its combination trade secret. In sum, Plaintiff asserts that "the collective information provided to Defendants about the Eco-ag Product and System was the unified process and design and operation of which, in unique combination, afforded a competitive advantage to Defendants and was, and is, a protected Trade Secret." (Dkt. 111 at 5.) Thus, to the extent that Plaintiff intends to rely upon the argument that its trade secret is a combination or compilation trade secret, Plaintiff has fully

answered Interrogatory No. 1. Plaintiff carries the burden of proving its claim, and the Court will not compel Plaintiff to supplement Interrogatory No. 1 with an answer that Plaintiff contends is not consistent with its claim.

Nonetheless, to the extent that Plaintiff contends that its combination trade secret is comprised of information, including certain documents, Plaintiff should supplement its answer to specifically identify those documents that comprise the combination trade secret. Although Plaintiff identified documents "[b]y way of illustration," that is not a complete answer. *See* Fed. R. Civ. P. 37(a)(4). At this point in the litigation—two months after the close of fact discovery— Plaintiff should be aware of the specific documents that comprise its trade secret and must identify those documents in discovery. Additionally, Plaintiff's objection that it cannot respond because DuPont has refused to return or has improperly withheld documents is not well-taken, given that Plaintiff did not timely move to compel such information from DuPont. Therefore, the Motion is granted in part and denied in part as to Interrogatory No. 1.

**II.     Interrogatory No. 15**

In Interrogatory No. 15, DuPont asked Plaintiff to "specifically identify all facts, including identification by Bates number of all documents, supporting your claim and/or contention that such piece or item of Confidential Information as well as the 'Eco-Ag product' itself are 'novel,' as alleged in paragraph 113 of the First Amended Complaint." In its answer, Plaintiff "incorporated by reference" its responses and objections to Interrogatory Nos. 1-14 and Plaintiff's production of documents to DuPont's first requests to produce. Plaintiff then provided a half-page answer, in which it explained how Eco-Ag differs from Subsurface Drip Irrigation ("SDI").

DuPont asserts that Plaintiff failed to provide a complete answer to Interrogatory No. 15, because Plaintiff used the language "[among other differences]" when describing how Eco-Ag

differs from SDI. Upon review of Plaintiff's answer, it appears that Plaintiff described additional differences, beyond the language quoted in DuPont's Motion. As such, it appears that Plaintiff's use of the term "among other differences" was not intended as a limitation of its answer, but rather an introduction to the description of a number of "differences." Because Plaintiff provided a full answer to Interrogatory No. 15, the Motion is denied as to Interrogatory No. 15.

### III.     Interrogatory Nos. 2 through 15

As part of its answers to Interrogatory Nos. 2 through 15, Plaintiff stated: "Attention is further drawn to [Plaintiff's] production of documents to DuPont's first requests to produce, which are incorporated herein by reference." Plaintiff included similar language in its answer to Interrogatory No. 1. DuPont asserts that this language does not comply with Rule 33(d) and moves to compel Plaintiff to either comply with Rule 33(d) or provide a complete and specific narrative response replacing the purported incorporation of documents produced. (Dkt. 104 at 25.)

Pursuant to Rule 33(d), "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party," the responding party may answer by specifying certain records and giving the interrogating party a reasonable opportunity to examine and copy the records. Fed. R. Civ. P. 33(d).

Plaintiff responds that DuPont's argument is erroneous because Plaintiff did not exercise its option under Rule 33(d) to produce business records and that Rule 33(d) does not apply to contention interrogatories. (Dkt. 111 at 6-7.) Plaintiff also asserts that, while DuPont addressed issues with Interrogatory Nos. 1 and 15, DuPont has not demonstrated how Plaintiff's narrative responses to Interrogatory Nos. 2 through 14 are deficient or why they should be supplemented.

Given Plaintiff's representation that it was not proceeding pursuant to Rule 33(d) when it answered the interrogatories, the Court will not compel Plaintiff to comply with Rule 33(d) if it was not Plaintiff's intention to exercise that option. Nonetheless, Plaintiff may not simply incorporate by reference every single document it is has produced in response to DuPont's first requests to produce. A reference to documents "is not necessarily a full answer, and the information in the document—unlike the interrogatory answer—is not ordinarily set forth under oath." Middle District Discovery (2015) at § IV.C.3.

The Court recognizes that DuPont's requests that Plaintiff "identify all facts, including identification by Bates number of all documents supporting your claim and/or contention" and "identify by Bates number all documents and information" may be overbroad. *See id*. at § IV.C.4. However, to the extent that Plaintiff wishes to draw DuPont's attention to documents that Plaintiff has previously produced, Plaintiff should supplement its answers to Interrogatory Nos. 2 through 15 to specifically identify those documents by Bates number or provide further detail in its narrative response.

Further, for Interrogatory Nos. 7 through 10, although Plaintiff directed Defendant to Plaintiff's production of documents to DuPont's first requests to produce, Plaintiff did not also provide a narrative response, other than incorporating its responses and objections to the previous interrogatories. If Plaintiff is not proceeding pursuant to Rule 33(d), it must provide a narrative response. In answering interrogatories, each interrogatory must be answered separately and fully in writing. Fed. R. Civ. P. 33(b)(3). As such, a reference to a previous answer is insufficient as a response to subsequent interrogatories. Therefore, Plaintiff must supplement its answers to separately and fully respond to each interrogatory, without reference to prior interrogatory responses.

Accordingly, upon consideration, it is

**ORDERED:**

1. Defendant E. I. Du Pont De Nemours and Company's Motion to Compel Plaintiff to Provide Complete and Adequate Responses to Interrogatories (Dkt. 104) is **GRANTED in part and DENIED in part**.

2. On or before April 5, 2016, Plaintiff shall serve supplemental interrogatory responses as set forth in this Order. The supplemental responses are required on an expedited basis due to other impending deadlines in the case.

**DONE** and **ORDERED** in Tampa, Florida on March 31, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record