UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVELOPMENTAL
TECHNOLOGIES, LLC,

      Plaintiff,

v.                                     Case No: 8:14-cv-2796-MSS-JSS

VALMONT INDUSTRIES, INC.
and
E. I. DU PONT DE NEMOURS
AND COMPANY,

      Defendants.

_____/

## **ORDER**

THIS MATTER is before the Court on the parties' Joint Motion for Leave to File Under Seal Motions *in Limine* and Accompanying Exhibits and Annotated Undisputed Fact Filings ("Joint Motion"). (Dkt. 204.) Upon consideration, the Joint Motion is granted.

In the Joint Motion, the parties seek permission to file under seal (1) the parties' respective motions *in limine*; (2) the parties' respective responses in opposition to such motions *in limine*; (3) any accompanying exhibits to such submissions and the attorney declarations identifying them; and (4) the Plaintiff's and Defendants' Annotated Copy of Plaintiff's/Defendants' Proposed Undisputed Facts as to Which the Parties Disagree, as required by the Court's August 3, 2016 order (Dkt. 199). (Dkt. 204.) The parties contend that the filings they seek to file under seal "will rely upon, quote from, and incorporate references to documents produced, deposition testimony given, and other discovery materials served in this matter which have been designated Confidential or Highly

Confidential pursuant to the parties' stipulated confidentiality agreement . . . as well as portions of prior submissions filed under seal." (Dkt. 204.)  Specifically, the materials that will be relied upon in the filings are materials the parties contend should not be in the public domain because they contain trade secret or other confidential strategic, research, development, or commercial information.  (Dkt. 204.)

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co*., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal citations omitted).  "[D]iscovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001).  However, "[t]his right of access is not absolute" and "does not apply to discovery and, where it does apply, may be overcome by a showing of good cause." *Romero*, 480 F.3d at 1245.

The parties' designation of information as confidential pursuant to a stipulated confidentiality agreement does not necessarily require that the information be filed under seal.  Nonetheless, given that the parties' forthcoming motions *in limine*, responses thereto, annotated undisputed facts, and accompanying exhibits will rely on, quote from, and incorporate references to what the parties contend are confidential trade secrets, the Court finds good cause to permit the parties to file this information under seal.

Accordingly, upon consideration, it is

**ORDERED**:

1.      The Joint Motion for Leave to File Under Seal Motions *in Limine* and Accompanying Exhibits and Annotated Undisputed Fact Filings (Dkt. 204) is **GRANTED**.

2.      The Clerk is directed to accept, under seal, (1) the parties' respective motions *in limine*; (2) the parties' respective responses in opposition to such motions *in limine*; (3) any accompanying exhibits to such submissions and the attorney declarations identifying them; and (4) the Plaintiff's and Defendants' Annotated Copy of Plaintiff's/Defendants' Proposed Undisputed Facts as to Which the Parties Disagree.

3.      The documents shall remain under seal for a period of one (1) year.  *See* M.D. Fla. Local R. 1.09(c).

**DONE** and **ORDERED** in Tampa, Florida on August 23, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record