## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DEVELOPMENTAL TECHNOLOGIES, LLC,

       Plaintiff,

v.

                                           Case No.: 8:14-cv-2796-MSS-JSS

VALMONT INDUSTRIES, INC. and
E. I. DU PONT DE NEMOURS AND
COMPANY,

       Defendants.

_____/

## PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE MACFARLANE FERGUSON & MCMULLEN'S NOTICE OF ATTORNEYS' CHARGING LIEN

Plaintiff, Developmental Technologies, LLC ("DTL"), by and through its undersigned counsel, hereby files Plaintiff's Objection to and Motion to Strike Macfarlane, Ferguson & McMullen's Notice of Attorneys' Charging Lien and states as follows:

### A.    Macfarlane, Ferguson & McMullen Is Not Entitled to Assert a Charging Lien

"In order for an attorney's charging lien to be imposed, Florida law requires: (1) a contract between the attorney and client; (2) an express or implied understanding that payment is either contingent upon recovery or will be paid from recovery; (3) an attempt by the client to avoid paying or a dispute as to the amount of the fee; and (4) a timely notice of a request for a lien." Shepard v. Florida Power Corp., 2011 WL 2144769, * 2 (M.D. Fla. 2011), citing In re Washington, 242 F.3d 1320, 1323 (11th Cir. 2001).

Macfarlane, Ferguson & McMullen ("MFM") filed its Notice of Charging Lien ("Notice of Lien") on September 12, 2016. This was the first notice ever received by DTL that MFM intended to assert a charging lien or had any expectation of being paid

1

out of the proceeds of DTL's settlement with Defendants. The Notice of Lien was not filed or received until after the matter had been resolved and this case was dismissed. As such, MFM's Notice of Lien was untimely and should be stricken. Id.

Additionally, there was never any agreement between MFM and DTL that MFM's fees would be paid out of any settlement. Such an agreement is essential to a properly asserted charging lien. For this additional reason, MFM's Notice of Lien is objectionable and should be stricken. Id.

**B.     MFM's Fees Were Not To Be Paid Out of Settlement Proceeds**

There was never any understanding or agreement between MFM and DTL that any portion of MFM's fees were to be paid out of any recovery by DTL. Rather, MFM was to be paid on the basis of regular, periodic invoicing determined by the hours expended and costs incurred by MFM. A true and correct copy of MFM's Engagement Agreement with DTL is attached hereto and made a part hereof as Exhibit "A"[1]. The Engagement Agreement provides, in pertinent part:

> "Statements normally will be rendered monthly for work performed and expenses incurred during the previous month. Payment is due promptly upon receipt of our statement. If any statement remains unpaid for more than 30 days, we may cease performing services for you until arrangements satisfactory to us have been made for payment of outstanding statements and the payment of future fees and expenses."

(Emphasis added.)

No provision of MFM's Engagement Agreement – or any other agreement between MFM and DTL – expresses or implies any right by MFM to collect its fees out

---

[1] Exhibit "A" is an unexecuted version of the Engagement Agreement; MFM is, on information and belief, in possession of the fully executed document. DTL signed this agreement on or around April 23, 2015, when DTL remitted its initial retainer payment to MFM.

of DTL's recovery at trial or settlement.     Because this was never part of MFM's arrangement with DTL, the law is clear that MFM has no right to the purported charging lien it now seeks to assert.   See Shepard, 2011 WL 2144769 at * 2; see also Gottlieb v. GC Financial Corp., 97 F. Supp 2d 1310, 1311 (S.D. Fla. 1999) (for a valid charging lien "there must be a contingency contract.  The payment must be dependent upon recovery.") As such, MFM's Notice of Charging Lien should be stricken from the record herein.

C.     MFM's Charging Lien Was Untimely

MFM's Notice of Lien was untimely. "There are no requirements for perfecting a charging lien beyond timely notice.  In order to give timely notice of a charging lien an attorney should either file a notice of lien or otherwise pursue the lien in the original action.  In order to be 'timely,' notice of an attorney's charging lien must be filed 'before the lawsuit has been reduced to judgment or dismissed pursuant to settlement.'"  Bruton v. Carnival Corp., 916 F.Supp.2d 1262, 1269 (S.D. Fla. 2012) (emphasis added; internal citations omitted).  The instant case was dismissed on September 9, 2016 and closed on September 12, 2016, well in advance of MFM's 6:45 P.M., September 12, 2016, Notice of Lien.  MFM was notified of the pending settlement well in advance of DTL's Notice of Settlement.  There are no other open matters pending before this Court in this action. As such, MFM's purported Notice of Lien is untimely and invalid on its face.  Id.; see also Levine v. Gonzalez, 901 So.2d 969, 973-74 (Fla. 4th DCA 2005) (October 1, 2003 charging lien invalid following entry of a September 29, 2003, dismissal); Brown v. Vermont Mutual Ins. Co., 614 So.2d 574, 580 (Fla 1st DCA 1993) (a timely notice of charging lien "must be filed before the lawsuit has been reduced to judgment or dismissed pursuant to settlement"); Citizens & Peoples Nat'l Bank of Pensacola v. Futch,

650 So. 2d 1008, 1015 (Fla. 1st DCA 1994) ("The attorney's charging lien must be filed before the case goes to final judgment or is dismissed.") As such, and for this additional reason, MFM's Notice of Charging Lien should be stricken from the record herein.

### D.     Conclusion

Based on the facts and law articulated herein, DTL respectfully requests on order striking MFM's charging lien as improper and untimely.

<u>**LOCAL RULE 3.01(g) CERTIFICATION**</u>

I HEREBY CERTIFY that on September 22, 2016, I conferred with MFM by telephone regarding the subject of this objection and motion, following correspondence on this issue provided to MFM on September 21, 2016.   The parties were unable to reach resolution.

Respectfully submitted,

Dated: September 27th, 2016

BY: /s/ Jesse M. Tilden
Jesse M. Tilden
Fla. Bar No. 0550566
Michael J. Prohidney
Fla. Bar No. 0905801
TILDEN & PROHIDNEY, P.L.
431 12th Street West, Suite 204
Bradenton, FL 32405
(941) 243-3959
(800) 856-5332 (fax)
service@tildenprohidney.com

*Attorneys for Plaintiff Developmental Technologies, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 27th, 2016 I caused the foregoing document to be filed by electronic filing with the Clerk of the Court. I also certify that I caused the foregoing document to be electronically served on this date on the following counsel and parties in the manner specified:

*MFM via email:*
David M. Boggs, Esq.
dmb@macfar.com
Noel Poncy McDonell, Esq.
npm@macfar.com
Jeffrey W. Gibson, Esq.
jg@macfar.com
Jessica S. West, Esq.
jsw@macfar.com
MACFARLANE, FERGUSON &
MCMULLEN, PA
201 N Franklin Street, Suite 2000 (33602)
P.O. Box 1531
Tampa, FL 33601-1531
813-273-4200
813-273-4396 (fax)

*Counsel for E.I. DuPont de Nemours & Company, via email:*
Karen C. Dyer
Fla. Bar No. 716324
kdyer@bsfllp.com
Cynthia M. Christian
Fla. Bar No. 45519
cchristian@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
121 S. Orange Ave., Suite 840
Orlando, FL 32801
Tel: 407-425-7118
Fax: 407-425-7047

Nicholas A. Gravante, Jr. (*Pro Hac Vice*)
ngravante@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Ave., 7th Flr.
New York, NY 10022
212-446-2300
212-446-2350 (fax)

*Counsel for Valmont Industries, Inc. via email:*
John Harlan Mueller, Esq.
jmueller@clarkmueller.com
CLARK MUELLER BIERLEY, PLLC
102 W. Whiting Street, Suite 302
Tampa, FL 33602
813-226-1874
813-226-1879 (fax)

Mark Enenbach
menenbach@mcgrathnorth.com
MCGRATH NORTH MULLIN & KRATZ, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
402-341-3070
402-341-0216 (fax)

/s/ Jesse M. Tilden
Attorney for Plaintiff