UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVELOPMENTAL TECHNOLOGIES, LLC, a      Case # 8:14-cv-2796-T-35 MSS-JSS
Florida Limited Liability Company,

        Plaintiff,

vs.

VALMONT INDUSTRIES, INC., a Delaware
Corporation and E.I. DU PONT DE NEMOURS
AND COMPANY, a Delaware corporation,

        Defendants.
_____/

## MACFARLANE FERGUSON & MCMULLEN'S RESPONSE TO PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE MACFARLANE FERGUSON & MCMULLEN'S NOTICE OF ATTORNEYS' CHARGING LIEN (D.E. 232) AND INCORPORATED MEMORANDUM OF LAW

The law firm of Macfarlane Ferguson & McMullen ("MFM"), co-counsel of record for Plaintiff, Developmental Technologies, LLC ("DTL"), by and through its undersigned counsel, respectfully submits this Response to Plaintiff's Objection to and Motion to Strike Macfarlane Ferguson & McMullen's Notice of Attorneys' Charging Lien (D.E. 232) and Incorporated Memorandum of Law, and states as follows:

### FACTUAL BACKGROUND

1. Original Trial Counsel and sole counsel of record for DTL in these proceedings was the GrayRobinson, P.A. law firm ("GR") when this suit was filed (D.E. 1) on November 7, 2014 by DTL against Defendant E.I. Du Pont De Nemours and Company's ("DuPont") and Defendant Valmont Industries, Inc. ("Valmont").

2. DTL terminated GR as Trial Counsel and sole counsel of record for DTL, and on May 14, 2015 replaced GR with MFM (see, D.E. 40 & 41). DTL agreed to pay MFM for the services it performed.

3. In 2016, DTL hired attorneys Jesse M. Tilden, Esq. and Michael J. Prohidney and the Tilden & Prohidney, P.L. law firm (collectively, "TP") to act as co-counsel for DTL, with TP filing its notice of appearance (D.E. 137) on April 22, 2016.

4. In late April/early May 2016, the engagement of MFM by DTL changed dramatically.[1]

5. On May 26, 2016 DTL filed a Notice of Redesignation of Trial Counsel (D.E. 179) officially designating Jesse Tilden, Esq. as sole "Trial Counsel" for Plaintiff DTL.

6. During and throughout May, June, July, and August 2016 MFM provided the services it agreed to provide for DTL, i.e., working with and for the TP law firm as requested by TP, and MFM billed monthly for those services, without any objection prior to September 21, 2016 by DTL, its principals or the TP law firm, to the hours billed, the rates charged, or the services rendered.

---

[1] Documentation and information relating to that change, and other matters referenced herein, can be provided by MFM to the Court upon request, or at an evidentiary hearing in connection with these matters if the Court determines that evidence is necessary or appropriate in connection with MFM's charging lien and Plaintiff's objection thereto. Cognizant of its obligations of confidentiality to DTL, MFM would ask, if such information/documentation is requested or required by the Court, that the Court give MFM direction as to the extent to which DTL has waived its attorney-client privilege in connection therewith, so that MFM can fully understand what information/documentation it can disclose in these proceedings. Such direction can come after briefing by the parties, if the Court chooses to order such briefing. The filing by DTL of its Objection and Motion to Strike appears to have waived DTL's attorney-client privilege regarding all matters relating to or concerning MFM's charging lien, but MFM needs to clearly know the full extent of that waiver, and the limitations to that waiver, if any. For example, if the waiver fits under the standard of being a "waiver related to" or a "waiver concerning the subject matter of" the charging lien and/or DTL's opposition thereto, then MFM needs to know if there are any limitations as to what is "related to" or "concerning the subject matter" of the charging lien and DTL's opposition thereto. This is especially potentially important given the statement in the Joint Notice of Settlement [D.E. 229] that the parties are still working on preparing and agreeing upon settlement effectuating documents. On a related note, if an evidentiary hearing is considered necessary here, then MFM would ask that it be permitted to conduct discovery in advance thereof, including but not limited to depositions of the parties and their counsel.

7. From May 2016 forward, MFM relied solely on and was dependent upon the TP law firm for information concerning these proceedings, except to the extent information was contained in filings of record served upon MFM as a co-counsel of record for DTL.

8. Prior to May 2016, MFM billed regularly for its services and was paid regularly; after DTL retained the TP law firm MFM billed regularly for its services, but was not paid for the services TP requested that it perform.

9. As late as September 8, 2016 the TP law firm was still making requests to MFM for assistance in this litigation, and MFM was still providing such requested assistance.

10. During the May into September 2016 time period after TP had taken over the handling and direction of DTL's lawsuit against DuPont and Valmont, MFM understood it would be paid the fees it billed for the services it rendered and had rendered for DTL, including the services requested by the TP law firm, and the circumstances implied to MFM that such payment would be dependent upon recovery by DTL.[2] Throughout May into the beginning of September 2016 MFM provided pre-trial services as requested by the TP law firm in preparation for the trial of this case scheduled to begin on October 3, 2016. On Friday morning September 9, 2016, MFM first learned that a settlement was being discussed. Later in the afternoon of September 9, 2016, without advance notice from anyone, MFM received service via the CM/ECF system of the "Joint Notice of Settlement" (D.E. 229) containing the parties' joint announcement stating: "…[the parties had] agreed on terms of settlement of this matter and are in the process of drafting and finalizing all necessary documents to accomplish same. In light of the parties' agreement, all parties respectfully request an order from this Court staying all matters

---

[2] If further evidence is considered necessary or appropriate by the Court concerning such understandings, or concerning any other matters affecting or relating to MFM's charging lien or the plaintiff's motion to strike the same, MFM again requests that an evidentiary hearing be scheduled, after allowing sufficient time for pre-hearing discovery.

associated with this litigation and cancelling the Pre-Trial Conference presently set for Tuesday, September 13, 2016 at 10:00 A.M.".[3]

11. On Monday, September 12, 2016, MFM filed its Notice of Charging Lien (D.E. 231).

12. The same day, the Court, issued a Notice of Cancellation of Final Pre-Trial Conference and Order of Dismissal Without Prejudice (D.E. 230), referencing therein the parties' Joint Notice of Settlement and that the parties had advised the Court "they have agreed on terms of settlement of this matter and are in the process of drafting and finalizing all necessary documents to accomplish same." This filing ordered that "this case is Dismissed Without Prejudice, subject to the right of the Parties, within sixty (60) calendar days from the date of this Order, to submit a final stipulation of dismissal, should they so choose, or for any party to reopen the case, upon good cause shown. After the sixty (60)-day period, the dismissal shall be with prejudice. Any pending motions are DENIED as moot. The Clerk is directed to CLOSE this case."

13. On September 27, 2016, party DTL filed Plaintiff's Objection To And Motion To Strike Macfarlane Ferguson & McMullen's Notice Of Attorneys' Charging Lien (D.E. 232) ("Motion to Strike").

---

[3] The Certificate of Service for that Joint Notice is signed by Jesse M. Tilden, Esq. of the TP law firm, listing the TP law firm and the MFM law firm as joining in that filing as "Attorneys for Plaintiff Developmental Technologies, LLC." However, MFM had no knowledge of the settlement (which MFM has, to date, never seen) or the joint notice thereof until it received such notice, and did not authorize Mr. Tilden to include MFM on that pleading. MFM also did not authorize the other signers of that joint notice, i.e., attorneys John H. Mueller, Esq., and Karen C. Dyer, Esq., to include MFM on that joint notice.

Notably, the Notice did not request dismissal of this lawsuit. As of the date of this responsive filing by MFM, there has been no submission of a final stipulation of dismissal, and the 60 day period before this case is dismissed with prejudice has not yet run.

14. MFM was unaware of and not included in or privy to whatever settlement related discussions or other communications with respect thereto (which MFM believes must have occurred over some period of time) by the TP law firm (whether with or among TP, DTL and its principals, and/or counsel for DuPont and Valmont) that undoubtedly led up to the September 9, 2016 Joint Notice of Settlement (D.E. 229).

15. MFM was never informed at any time by its co-counsel TP, its client DTL, or defense counsel for DuPont or Valmont,[4] concerning an end to these proceedings by settlement, notice thereof, or dismissal. Instead, MFM was led to believe by TP and the filings in these proceedings that this case was going to trial in October 2016 as scheduled.

16. After TP became lead Trial Counsel, it became clear to MFM that DTL would only pay MFM through funds obtained by DTL from DuPont and/or Valmont as a result of this case.[5]

## MEMORANDUM OF LAW

In Plaintiff DTL's Motion to Strike (*Objection to and Motion to Strike Macfarlane Ferguson & McMullen's Notice of Attorneys' Charging Lien*) (D.E. 232), Plaintiff DTL asserts three (3) reasons that MFM's charging lien is improper and should be stricken. The arguments as set forth in Plaintiff's new pleading[6] are as follows:

A. MFM is not entitled to assert a charging lien
B. MFM's fees were not to be paid out of settlement proceeds
C. MFM's charging lien was untimely

---

[4] There are five individual counsel of record for Defendant DuPont (all in one law firm), and five individual counsel of record for Defendant Valmont (in three law firms).

[5] Again, if further evidence is considered necessary or appropriate by the Court concerning such understandings, or concerning any other matters affecting or relating to MFM's charging lien or the plaintiff's motion to strike the same, MFM again requests that an evidentiary hearing be scheduled, after allowing sufficient time for pre-hearing discovery.

[6] Plaintiff DTL, in its pleading, does not contest the hours billed, the amount of the outstanding account receivable, or the handling of the case by MFM and/or the TP law firm, so those matters are deemed waived and not at issue. The sole issues, as raised by DTL, are the three issues set forth in its Motion to Strike.

All three lack legal merit.

> **I.    MFM is entitled to assert a charging lien.**

Under applicable Florida <u>state</u> law, MFM is entitled to assert a charging lien for its efforts for its client DTL and to be protected in equity. As set forth in <u>Gottlieb v GC Financial Corp., et al</u>, 97 F.Supp.2d 1310 (USDC SD Fla. 1999):

> Virtually every jurisdiction in the United States recognizes the right of an attorney to recover fees by imposing a lien on a judgment obtained by his efforts for his client. <u>Bernard Litman v. Fine, Jacobson, Schwartz, Nash, Block & England</u>, 517 So.2d 88, 90 (Fla. 3rd DCA 1987). Federal courts, although they recognize no common-law lien in favor of attorneys, give effect to the laws of the states in which they are held. <u>Webster v. Sweat</u>, 65 F.2d 109, 110 (5th Cir.1933). No statutes outline the requirements for valid attorney's liens in Florida. Rather case law acts as the sole guide for both attorneys and courts as to these liens. <u>Daniel Mones, P.A. v. Smith, Inc.</u>, 486 So.2d 559, 561 (Fla.1986).
>
> The general rule regarding attorney's liens for services is that it is equitable in nature and is protected in equity. <u>Nichols et al. v. Kroelinger</u>, 46 So.2d 722 (Fla.1950). The charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit. <u>Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom</u>, 428 So.2d 1383, 1384 (Fla.1983).

<u>Gottlieb</u>, 97 F.Supp.2d at 1311 (internal quotation marks excluded).

Florida's Second District Court of Appeal in <u>Conroy v Conroy</u>, 392 So.2d 934, 935-936 (Fla. 2d DCA 1980), <u>rev. den.</u> by Florida Supreme Court, 399 So.2d 1141 (Fla.1981), set forth the following principles which support the fact that MFM is entitled to assert a charging lien in these proceedings:

> Generally speaking, a charging lien gives an attorney the right to recover his fees and costs from the funds recovered through his services. <u>Webster v. Sweat,</u> 65 F.2d 109 (5th Cir. 1933); <u>Royal Insurance Co. v. Simon</u>, 20 Del.Ch. 297, 174 A. 444 (1934). Rather than depending upon the attorney's possession of the property, it is founded upon the equitable

6

notion that an attorney ought to receive his fees and disbursements out of the judgment he has obtained. Tracy v. Ringole, 87 Cal.App. 549, 262 P. 73 (1927); 7 Am.Jur.2d Attorneys at Law s 324 (1980). Florida has long recognized the right to an attorney's charging lien. In re Barker's Estate, 75 So.2d 303 (Fla.1954); Winn v. City of Cocoa, 75 So.2d 909 (Fla.1954); Carter v. Davis, 8 Fla. 183 (1858); Chancey v. Bauer, 97 F.2d 293 (5th Cir. 1938). Yet, in cases involving the recovery of real estate, our supreme court has held that before a court may impose a charging lien, there must have been an express or an implied agreement that the attorney would be entitled to recover his fee out of the proceeds of the judgment. Billingham v. Thiele, 109 So.2d 763 (Fla.1959).

\*\*\*\*

There is no Florida case which has specifically held that an agreement for the fee to be paid from the recovery is unnecessary for a charging lien on a judgment not involving real estate. However, a number of Florida decisions have upheld the imposition of a charging lien without mentioning such an agreement and under circumstances which suggest that there probably wasn't any agreement. In re Barker's Estate; Winn v. City of Cocoa; Carter v. Davis; de la Cruz v. Brown, 338 So.2d 245 (Fla.3d DCA 1976); Worley v. Phillips, 264 So.2d 42 (Fla.2d DCA 1972); Kurzweil v. Simon, 204 So.2d 254 (Fla.3d DCA 1967). Accord, Chancey v. Bauer.

\*\*\*\*

Rudimentary fairness dictates that an attorney ought to be able to obtain his fee from property which he has recovered for his client when the very services for which he seeks to be paid were instrumental in securing that recovery. **We hold that in order for an attorney to obtain a charging lien upon a judgment which involves personal property, it is unnecessary for him to prove that there was an agreement with the client for the proceeds to be paid from the recovery.** Of course, the attorney must prove that he had a valid contract with the client to render services but this can be satisfied by a showing that when he undertook the representation, there was an implied understanding that the client would pay him a reasonable fee.[7]

Conroy, 392 So.2d at 935-936 (Emphasis added.)

---

[7] DTL's Motion to Strike does not contest and, in fact, on page 2 admits that there was an understanding that DTL would pay MFM a reasonable fee: "… MFM was to be paid on the basis of regular, periodic invoicing determined by the hours expended and costs incurred by MFM."

MFM is entitled to assert a charging lien in connection not only with a judgment, but also, as here, in connection with a settlement. Heller v Held, et al, 817 So.2d 1023 (Fla. 4th DCA 2002).

> II. **Under applicable Florida law, MFM is not required to establish that there was an agreement with the client for the proceeds to be paid from the recovery.**

As quoted above, the Florida Second District Court of Appeal has held that "…in order for an attorney to obtain a charging lien upon a judgment which involves personal property, it is **unnecessary for him to prove that there was an agreement with the client for the proceeds to be paid from the recovery**." Conroy, *supra*, at 937 (emphasis added)[8].

Thirty two years after Conroy, *supra*, the Florida Second District Court of Appeal, in Riveiro v Mason and Marsh, 82 So.3d 1094 (Fla. 2d DCA 2012), rehearing denied March 9, 2012, in upholding an attorney's right to assert a charging lien even though there was no agreement that the fees would be paid out of settlement or judgment proceeds, cited to Conroy, supra, and to the Florida Supreme Court case which cited to Conroy, i.e. Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla.1983), in support of its holding, and noted that there only needed to "…be **an understanding**, express or **implied**, between the parties that the payment is **either dependent upon recovery or** that payment **will come from the recovery**." Riveiro, at 1096. (emphasis added). MFM had such an understanding after the changes to its engagement by DTL after April 2016. DTL, through its

---

[8] *See, also*, Litman v Fine Jacobson, 517 So.2d 88 (Fla. 3d DCA 1987), citing to and relying upon Conroy, supra: For the imposition of a charging lien, the "…fees agreed upon may be based on a percentage of any monetary recovery, In re Barker's Estate, 75 So.2d 303, or may be contingent upon recovery, *Forman v. Kennedy*, 156 Fla. 219, 22 So.2d 890 (1945), **or there may be no agreement as to the** amount of the fee **or its source**, Scott v. Kirtley, 152 So. 721, in which case the court may determine a reasonable fee. See generally Note, 4 U.Fla.L.Rev. 58. Thus, contrary to Litman's first contention, **it is not necessary that the agreement provide that the fees be paid from the recovery.** Conroy v. Conroy, 392 So.2d 934 (Fla. 2d DCA 1980)." (emphasis added).

actions and inactions during the April to September 2016 time period, clearly implied that payment to MFM would be dependent upon recovery or that payment would come from a recovery.[9]

Riveiro, *supra*, illustrates that the focus is not to be on whether there is an "agreement," but, rather, on whether there is an "understanding," and that "understanding" does not have to be "express" (such as in emails or written documents), but can be "implied." Again, MFM had such an understanding.

In 2011 this Court considered a similar non-contingency fee patent related business dispute case such as this, and over the objections of the plaintiff therein determined that legal counsel was entitled to a charging lien. *See*, Minks v. Polaris Industries, Inc. 2011 WL 3320507 (USDC MD Fla. 2011). The plaintiff in Minks hired legal counsel and agreed to pay them on an hourly fee basis,[10] never contesting the number of hours billed or the reasonableness of the hourly rates charged. Part way through the litigation, the plaintiff terminated his initial lawyers' engagement. Throughout the litigation these lawyers billed a total of $503,590.40, and had an outstanding balance due of $266,208.63 when terminated. More than two months after the second final judgment was entered, plaintiff's original lawyers filed their notice of charging lien. Plaintiff therein contested that there was (i) an understanding (express or implied) between the parties that payment was either dependent upon recovery or would come from the recovery, and (ii) timely notice; plaintiff did not contest that there was an express or implied contract between the attorney and the client, or that the client had attempted to avoid payment or disputed the

---

[9] If the Court questions this, or believes that additional evidence is necessary in connection with this aspect of MFM's charging lien, MFM requests that an evidentiary hearing be held or that MFM otherwise be allowed the opportunity to present evidence.

[10] The attorneys whose charging lien was upheld in the Heller, *supra* at 1024-25, business dispute case also appear to have been charging hourly fees, not contingency fees.

amount involved. Although the plaintiff in Minks did not contest the amount of time billed or the hourly rates charged, he did maintain that the fees were unreasonable when viewed in light of the results obtained. More than seven months after the filing of the charging lien, the Court held an evidentiary hearing where the parties presented testimony and introduced exhibits. In its ruling, the Minks Court found that the plaintiff therein was "a stubborn and litigious person who had a valid claim but was deluded as to its value," who "ignored his attorneys' advice to assert a more reasonable damages theory,"[11] who had been told by his first attorneys that they "simply see no end game or logical strategy to your litigation.... You are waging a war of attrition against an opponent that has vastly superior resources," and that a settlement was ultimately achieved "*despite* [the] client's recalcitrance." (Emphasis added in the opinion).[12]

> The Minks Court opined that the charging lien was proper:
>
> It is true, in general terms, that a charging lien should be filed before the lawsuit has been reduced to judgment. *See*, *e.g.,* Heller v. Held, 817 So.2d 1023, 1025–26 (Fla. 4th DCA 2002). But this is not some special requirement of charging liens. Rather, the issue is one of jurisdiction. "[I]f notice is not given before entry of the final judgment or an order dismissing the case, the trial court loses jurisdiction to enforce a charging lien in the original action." Naftzger v. Elam, 41 So.3d 944 (Fla. 2nd DCA 2010). *See also* Baker & Hostetler, LLP v. Swearingen, 998 So.2d 1158 (Fla. 5th DCA 2008) (stating that "unless jurisdiction is properly reserved by the trial court, a notice of an attorney's charging lien must generally be filed before the lawsuit has been reduced to judgment or dismissed pursuant to a settlement in order to be timely" (emphasis added) and citing cases).
>
> Here, the second final judgment was entered on September 18, 2009, more than two months before the charging liens were filed. However, even after

---

[11] "Minks argues that he should have been advised to hire a damages expert for the first trial. But even if his attorneys had pursued that course, it is speculative at best to assume that Minks would have agreed with them that such an expert was needed, that he could have afforded to pay the expert, that he could have found an expert willing to advocate his damages theory, or that the use of such an expert would have resulted in a sustainable verdict." Minks, *supra*.

[12] Matters such as these otherwise attorney-client privileged communications would be covered in an evidentiary hearing in these proceedings, if the Court determines that such a hearing is necessary or useful.

10

the entry of that judgment, the case was vigorously litigated (See Doc. 306–313) during the period before the second appeal was filed. ****

The charging lien is an equitable remedy. Nichols v. Kroelinger, 46 So.2d 722, 724 (Fla.1950). There are no equitable principles here that would warrant a finding of untimeliness. Hill and Allen promptly filed their lien after Minks discharged them and Minks suffered no prejudice under these circumstances. Accordingly, the liens were timely filed.

****

For Minks to now claim that he should keep the fruits of their work without a corresponding obligation to pay is simply disingenuous. The Court thus finds that the charging liens are valid and enforceable.

Minks, *supra*.

III. **MFM's charging lien was timely.**

MFM filed its charging lien <u>before</u> this case was dismissed with prejudice. In fact, this case has not been dismissed with prejudice. The case law on filing charging liens before a case was dismissed involve cases dismissed with prejudice. *See, for example*, Naftzger v Elam, et al, 41 So.3d 944, 946 (Fla. 2d DCA 2010) ("Notably, the trial court's order dismissing the premises liability action was with prejudice…").[13]

After MFM filed its charging lien, Plaintiff DTL, a party to this litigation, filed its Motion to Strike. If the case was not still "open," DTL could not file its Motion to Strike. To the extent this case might have been "closed," DTL elected to re-open it by filing its Motion to Strike. The Court's September 12, 2016 Notice of Cancellation of Final Pre-Trial Conference and Order of Dismissal Without Prejudice (D.E. 230), clearly allowed the parties "should they so choose" to reopen the case and DTL has so chosen.

---

[13] As explained in Nafziger, *supra*, dismissal of a case with prejudice results, at that point in time, in the trial court lacking jurisdiction to award attorneys fees, but it does not eliminate the claim for fees.

11

Additionally, the parties to this litigation, and their counsel, appear to have had a duty to MFM to affirmatively protect MFM's fees as part of the settlement they secretly put together. Hall, Lamb & Hall v. Sherlon Investments Corp., 7 So. 3d 639, 641 (Fla. 3d DCA 2009) held that parties and lawyers for parties participating in a settlement where a law firm that provided services did not get paid may be committing a fraud upon that firm and have "an affirmative duty to notify the law firm of the settlement and to protect the law firm's lien interest in the settlement proceeds." Hall, *id.* at 641. MFM does not believe that the actions to date of the parties and their counsel evidence a fulfillment of the duty to protect MFM. Clearly the Motion to Strike, filed by the TP law firm on behalf of Plaintiff DTL, does not evidence protecting MFM's interests.[14]

The Hall court noted disapprovingly that there was a failure to notify the affected law firm of the settlement, failures to take steps to protect the law firm's interests, and a failure to ask the trial court to protect the law firm. Id. As noted by the court, citing to Heller, 817 So.2d at 1025, those failures may have constituted "a fraud upon the law firm."

As set forth in Heller, *supra*, citing to the Florida Supreme Court's decision in Miller v. Scobie, 11 So.2d 892 (1943):

> An attorney's charging lien is an equitable right to have costs advanced and attorney's fees secured by the judgment entered in the suit wherein the costs were advanced and the fee earned. Zimmerman v. Livnat, 507 So.2d 1205, 1206 (Fla. 4th DCA 1987). **While the parties are free to settle their dispute amongst themselves** and without the participation of their attorneys, **any settlement without notice to a party's attorney and without payment of the attorney's fee is a fraud on them whether there was an intent to do so or not.** Miller v. Scobie, 152 Fla. 328, 11 So.2d 892, 894 (1943). Consequently, if a party ... holding such proceeds of the recovery or settlement pays it to the client with notice to or knowledge of the client's attorney who is claiming a fee and a charging lien without protecting the attorney's interests, **that party ... may** nevertheless **be held liable, jointly and severally with the attorney's client**, for the amount of the client's attorney's fees and costs. Brown v. Vermont Mut. Ins. Co., 614 So.2d 574, 580-81 (Fla. 1st DCA 1993).

---

[14] If an evidentiary hearing is held here, these matters will need to be explored, both at the hearing and beforehand as part of discovery.

Miller v. Scobie, 11 So.2d 892 (1943) (internal quotation marks excluded) (emphasis added).

In connection with MFM's charging lien, Plaintiff DTL and the TP law firm knew, during August 2016, the amount of attorneys' fees DTL owed to MFM. Before dismissal of this case with prejudice, DuPont and Valmont, and their counsel, know that MFM is owed fees by DTL. MFM's charging lien is timely.

Crafting a settlement which did not provide for payment to MFM was not equitable and not grounded in \rudimentary fairness. If MFM had been given sufficient advance notice, MFM could have filed its charging lien earlier. If MFM had known that the case was not going to be tried, MFM could have filed its charging lien then. Filing the charging lien, in advance of trial—if it went to trial—arguably might not have been in DTL's best interests. The same could be said about filing a charging lien in advance of settlement or during settlement negotiations. But, to protect MFM's attorneys' fees and costs and fulfill their duty to MFM, it would have been easy for the parties and their counsel to have provided for payment to MFM as part of any settlement, but MFM is not aware of any such protection having been provided.

DTL crafting a settlement where MFM would not be paid, and then claiming MFM did not act timely, all while continuously asking for and receiving MFM's assistance in the litigation, is not equitable and not grounded in rudimentary fairness.

It is undisputed that Plaintiff DTL had an agreement or understanding for MFM to provide legal services to DTL, and that MFM did perform such services (including services for more than four months for DTL's other counsel, the TP law firm, at TP's request). MFM is entitled to payment for such services.

WHEREFORE, for the reasons stated above, Macfarlane Ferguson & McMullen hereby requests that this Court deny Plaintiff's Objection to and Motion to Strike Macfarlane Ferguson

& McMullen's Notice of Attorneys' Charging Lien (D.E. 232), and for such other and further relief as the Court deems just, equitable and proper.

            */s/ David M. Boggs*
David M. Boggs, Esq., FBN: 248207
Jeffrey W. Gibson, Esq., FBN: 0568074
MACFARLANE FERGUSON & MCMULLEN
201 N. Franklin Street, Suite 2000 (33602)
Post Office Box 1531
Tampa, Florida 33601-1531
(813) 273-4200; Fax: (813) 273-4396
Primary: jg@macfar.com; dmb@macfar.com
Secondary: tmh@macfar.com
vas@macfar.com; tlk@macfar.com;
vac@macfar.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of October, 2016, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served on this date on the following parties either in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF system, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

| | |
|---|---|
| John H. Mueller, FBN: 259349 | Mark F. Enenbach (NE Bar # 15202) |
| Sarah J. Bailey, FBN: 0071436 | McGrath North Mullin & Kratz, PC LLO |
| CLARK MUELLER BIERLEY, PLLC | First National Tower, Suite 3700 |
| 102 W. Whiting Street, Suite 302 | 1601 Dodge Street |
| Tampa, FL 33602 | Omaha, NE 68102 |
| Tel: (813) 226-1874; | Telephone: (402) 341-3070 |
| Fax: (813) 226-1879 | Facsimile: (402) 341-0216 |
| Attorneys for Defendant, | Attorneys for Defendant, |
| Valmont Industries, Inc. | Valmont Industries, Inc. |
| jmueller@clarkmueller.com | Email: menenbach@mcgrathnorth.com |

Cynthia M. Christian, FBN: 45519
Karen C. Dyer: FBN: 716324
George R. Coe; FBN: 298440
BOIES, SCHILLER & FLEXNER LLP
121 S. Orange Ave., Suite 840
Orlando, FL 32801
Tel: 407-425-7118; Fax: 407-425-7047
Attorneys for Defendant,
E.I. du Pont de Nemours and Company
cchristian@bsfllp.com; kdyer@bsfllp.com;
gcoe@bsfllp.com

Jennifer G. Altman, FBN: 881384
BOIES, SCHILLER & FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Tel: 305-539-8400; Fax: 305- 539-1307
Attorney for Defendant,
E.I. du Pont de Nemours and Company
jaltman@bsfllp.com

Nicholas Gravante, NYBN: 2068732
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, New York 10022
Tel: 212-446-2300; Fax: 212-446-2350
Attorneys for Defendant,
E.I. du Pont de Nemours and Company
ngravante@bsfllp.com

Martha L. Goodman,
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue NW
Washington, DC 20015
Tel: 202-237-2727; Fax: 202-237-6131
Attorneys for Defendant,
E.I. du Pont de Nemours and Company
mgoodman@bsfllp.com

Jesse M. Tilden, Esq., FBN: 0550566
Michael J. Prohidney, Esq., FBN: 0905801
TILDEN & PROHIDNEY, P.L.
431 12th Street West, Ste. 204
Bradenton, FL 34205
Telephone: (941) 243- 3959
Facsimile: (800) 856-5332
eService: service@tpdlegal.com
Co-counsel for Plaintiff

Robert W. Boos, Esq., FBN: 558079
Eric J. Partlow, Esq., FBN: 0556531
Melissa Rizzo, Esq., FBN: 0064491
ADAMS AND REESE LLP
101 East Kennedy Boulevard, Suite 4000
Tampa, FL
Telephone: (813)-402-2880
Facsimile: (813)-402-2887
Bob.Boos@arlaw.com
Eric.Partlow@arlaw.com
Melissa.Rizzo@arlaw.com
Co-counsel for Defendant, Valmont
Industries, Inc.

*/s/ David M. Boggs*
Jeffrey W. Gibson, Esq., FBN: 0568074
David M. Boggs, Esq., FBN: 248207